1. That giving further time to answer is a matter within the discretion of the Circuit judge, and his ruling thereon is not appealable. This case distinguished from *Ayer* v. *Chassereau*, 18 *S. C.*, 597.

2. The rendition of a judgment by default is no violation of the right of trial by jury.

3. The plea of the statute of limitations can be made by answer only.

4. Error in the calculation of interest not brought to the attention of the Circuit judge, nor ruled upon by him, cannot be considered by this court. Judgment affirmed. OPINION by MR. JUSTICE McIVER, January 7, 1885. *E. F. Stokes*, for appellant. *Wells & Orr*, contra.

No. 1637. DAUNTLESS MANUFACTURING CO.. v. DAVIS. November Term, 1884. 1. A Circuit judge may appoint a receiver in supplementary proceedings, notwithstanding another Circuit judge, upon the application of other creditors, had previously refused a similar application. It does not appear that the testimony was the same in the two proceedings, but, even if so, the Circuit judge was not bound to adopt the same conclusion reached by another judge in a case between different parties.

2. Application for a receiver in supplementary proceedings may be made and granted, notwithstanding the pending of an action in the nature of a creditor's bill in the courts of the United States, to reach the property of the debtor, the moving party here not being a party to such action.

3. An assignment by a debtor of all his property for the benefit of his creditors does not prevent supplementary proceedings a year later, and the appointment of a receiver thereunder, the validity or effect of the deed of assignment not being thereby adjudicated.

4. The remedy provided by statute for avoiding assignments does not seem to be exclusive of the remedy through supplementary proceedings.

5. A party assigned a judgment held by him to one D., and afterwards made a general assignment for the benefit of his creditors. Under supplementary proceedings afterwards taken out against this party, D. testified that the assignment to him was

without consideration, and that he made no claim to the judgment. The judge appointed a receiver and directed D. to transfer the judgment to this receiver. *Held*, that D. was not bound by this order, but that the defendant in the proceedings was not affected and therefore could not appeal.

Order of KERSHAW, J., affirmed. OPINION by MR. JUSTICE McIVER, January 7, 1885. *W. L. Wait, Wells & Orr*, for appellant. *J. H. Heyward*, contra.

No. 1638. DOMINICK *v.* FARR. April Term, 1884. Conrad Farr permitted his son John to erect three houses on a tract of land, which he intended to give to John. John sold these houses to plaintiff in 1868, but remained in possession. Afterwards Conrad Farr died, and his administrator brought action against the distributees and creditors of the deceased; and under this proceeding this tract of land was sold to one Hope. At this sale Dominick gave notice of his claim to these houses. Hope sold to John Farr and his two brothers, George and Benson Farr. In 1873 Dominick brought this action against John Farr to recover these houses. John answered, relying upon his purchase from Hope, and the statute of limitations, and alleging that his two brothers were necessary parties. Plaintiff then had George and Benson made parties defendant, who answered relying upon their purchase from Hope. Dominick received from the estate of Conrad Farr a dividend on a claim which he held against Conrad. WALLACE, J., held that the houses were personal property and therefore did not pass under the deed conveying the property of Conrad Farr; but that the action was barred by the statute of limitations. Also, that George and Benson had no interest in the property. He dismissed the complaint with costs in favor of the defendants. On appeal, this judgment was affirmed. OPINION by MR. JUSTICE McGOWAN, January 7, 1885. *L. J. Jones*, for appellant. *Moorman & Simkins*, contra.

No. 1639. WRIGHT *v.* MARS. April Term, 1884. In action commenced January 12, 1882, on promissory note which fell due August 6–9, 1861, against the executor of the maker (who died in December, 1861), there was evidence of an admission made to plaintiff by the executor in 1881, which was relied upon as a new